# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCHINDLER ELEVATOR CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TROON ENTERPRISES, INC., a Texas corporation, and RAY W. GARCIA,<br><br>    Defendants. | Case No. CIV-18-1210-G |

## ORDER

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. No. 8) in which Plaintiff seeks entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Troon Enterprises, Inc. and Ray W. Garcia.

"Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). The party must first request entry of a default by the Court Clerk pursuant to Rule 55(a). *See id.* The party's request must "show by affidavit or otherwise" that the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only following the entry of default may the party apply to the court for default judgment under Rule 55(b). *See Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (citing Fed. R. Civ. P. 55(b)).

Here, the docket reflects that Plaintiff has neither sought nor received an entry of default against Defendants from the Clerk of Court. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (explaining that entry of default by the Clerk of Court under Rule 55(a) is "a prerequisite for the entry of a default judgment" under Rule 55(b)). Accordingly, Plaintiff's Motion (Doc. No. 8) is DENIED as premature.

IT IS SO ORDERED this 15th day of February, 2019.

/s/ Charles B. Goodwin
CHARLES B. GOODWIN
United States District Judge